WO                                                                                          SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Roy Bigelow,                                             No.   CV 19-05496-PHX-MTL (ESW)

                                        Plaintiff,

v.                                                            **ORDER**

Dorothy Igwe, et al.,

                                        Defendants.

Plaintiff Roy Bigelow, who is confined in the Arizona State Prison Complex, East Unit, in Florence, Arizona, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and paid the $400.00 filing and administrative fees.  The Court dismissed the Complaint with leave to amend (Doc. 5).  Plaintiff has filed a First Amended Complaint (Doc. 7).  The Court will require the following Defendants to answer the First Amended Complaint: Defendants Igwe and Starling in their individual capacities, Shinn in his official capacity, Corizon, and Centurion.  The Court will dismiss the remaining Defendants without prejudice.

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from

TERMPSREF

1    such relief.  28 U.S.C. § 1915A(b)(1)-(2).

2         A pleading must contain a "short and plain statement of the claim *showing* that the

3    pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does

4    not demand detailed factual allegations, "it demands more than an unadorned, the-

5    defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

6    (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere

7    conclusory statements, do not suffice."  *Id.*

8         "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

9    claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,

10   550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content

11   that allows the court to draw the reasonable inference that the defendant is liable for the

12   misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for

13   relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

14   experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual

15   allegations may be consistent with a constitutional claim, a court must assess whether there

16   are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

17        But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

18   must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342

19   (9th Cir. 2010).  A "complaint [filed by a pro se prisoner] 'must be held to less stringent

20   standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551

21   U.S. 89, 94 (2007) (per curiam)).

22   **II.   First Amended Complaint**

23        In his one-count First Amended Complaint, Plaintiff alleges a denial of

24   constitutionally adequate medical care.  Plaintiff sues the former Director of the Arizona

25   Department of Corrections (ADC), Charles Ryan; the former acting ADC Director, Joseph

26   Profiri; and the current ADC Director, David Shinn.[1]  Plaintiff also sues Corizon Health

27   _____

28        [1] Plaintiff appears to name Ryan, Profiri, and Shinn in their official capacities and
     the remaining individual Defendants in their individual capacities.  A suit against a
     defendant in his or her *individual* capacity seeks to impose personal liability upon the

1   L.L.C. ("Corizon"), which until July 1, 2019, was responsible for medical care for ADC

2   prisoners pursuant to a contract with ADC.  In addition, Plaintiff sues Centurion of Arizona,

3   L.L.C. ("Centurion"), the entity responsible for medical care for ADC prisoners since July

4   1, 2019.[2]   Plaintiff also sues Nurse Practitioner Dorothy Igwe and Facility Health

5   Administrator (FHA) Adam Perkins, who each previously worked for Corizon and now

6   work for Centurion, and Centurion Assistant FHA Trina Randall.  In addition, Plaintiff

7   sues Registered Nurse Theresa Starling.  Plaintiff seeks injunctive and compensatory relief.

8        Plaintiff alleges the following facts:

9        Plaintiff has had Hepatitis C for approximately 25 years.  Prior to his current

10  incarceration, Plaintiff was hospitalized for two months after six feet of his large intestine,

11  half of his stomach, and a portion of his liver were removed, apparently due to gunshot

12  injuries. (Doc. 7 at 12.)  His current incarceration began approximately eleven years ago.

13  According to Plaintiff, the practice of ADC and prison medical providers is to delay and

14  deny treatment for serious medical conditions to save money.

15        Over the past ten years, Plaintiff has continuously complained of worsening medical

16  conditions, including: liver pain, digestive issues, kidney problems, fatigue, joint pain,

17  testicular pain, difficulty urinating, and elevated pancreatic "numbers."  According to

18  Plaintiff, Defendants have refused to treat these issues due to the cost of treatment, rather

19  than medical need, and have ignored Plaintiff's repeated requests for treatment.

20        Defendant Igwe has assessed Plaintiff on several occasions, first as a Nurse

21  official.  *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).  For a person to be liable in
22  his or her individual capacity, "[a] plaintiff must allege facts, not simply conclusions, that
    show that the individual was personally involved in the deprivation of his civil rights."
23  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  By comparison, a suit against
    a defendant in his *official* capacity represents only another way of pleading an action
24  against the entity that employs the defendant.  *Kentucky*, 473 U.S. at 165.  That is, the real
    party in interest is not the named defendant, but the entity that employs the defendant.  *Id.*
25  To bring a claim against an individual in his official capacity, a plaintiff must show that
    the constitutional deprivation resulted from the entity's policy, custom, or practice.  *Id.*;
26  *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694 (1978).

27      [2] As pertinent to Plaintiff's claims, from July 1, 2012 until March 4, 2013, Wexford
    Health Sources ("Wexford") was responsible for health care for ADC prisoners under a
28  contract with ADC.  From March 4, 2013, to July 1, 2019, Corizon was responsible for
    health care for ADC prisoners under a contract with ADC.  Beginning July 1, 2019,
    Centurion became responsible for medical care for ADC prisoners.

1   Practitioner for Corizon and now as a Nurse Practitioner for Centurion.  Plaintiff has

2   repeatedly asked Igwe to advocate for treatment of his Hepatitis C ("Hep C") as it is causing

3   him injury and has led to other "serious medical issues." (Doc. 7 at 4.)  Igwe has informed

4   Plaintiff that he does not qualify for treatment because his "levels are good" and his medical

5   condition is not a priority.

6          At a July 7, 2018 appointment, a provider recommended a CT scan; Plaintiff alleges

7   the CT was requested because he had "serious intestinal complications due to scarring"

8   after his intestines, stomach, and liver were partially removed due to gunshot wounds. (*Id.*

9   at 14 ¶ 11.)  Corizon denied the recommendation.  On September 14, 2018, Plaintiff

10  submitted an informal complaint stating that he had elevated pancreatic levels, problems

11  urinating, and testicular pain and that he was in a lot of pain.  In an October 2, 2018

12  response to Plaintiff's informal complaint, "medical" stated:

13         Your primary concern is: your elevated pancreas levels, problems urinating,
       and testicular pain.  You have been seen by the provider on 9/7/18.  Per the
14     plan notes, "will resubmit CT abdomen if pain continues and pancreatic
       enzymes still elevated."
15

16  (*Id.* at 5 ¶ 5.)

17         About a year later, on September 19, 2019, Plaintiff submitted an informal

18  complaint stating that he had been needlessly suffering for a long time and had been denied

19  specialty care for his Hep C and was not receiving any treatment due to a policy of

20  monitoring rather than treating his condition.  Plaintiff requested treatment for his Hep C

21  regardless of the stage of his disease.  In a September 27, 2019 response, a Centurion staff

22  member stated

23         Your concern has been researched including a review of your medical
       records.  I am providing you with the following response:  Currently Hep C
24     treatment is prioritization [] based on available resources.

25  (*Id.* 5-6 ¶ 7.)

26         On September 24, 2019, Plaintiff submitted a grievance requesting treatment for his

27  Hep C.  In a September 30, 2019 response, Defendant Randall stated that Centurion

28  followed the July 2018 Federal Bureau of Prisons Guidelines and ADC's Health Services

**TERMPSREF**

1    Technical Manual Clinical Practice Guidelines.  (*Id.* at 6 ¶ 9.)  Randall stated that both sets

2    of Guidelines provided guidance in prioritizing treatment of Hep C in prisoners based upon

3    their disease stage.  (*Id.*)  Randall stated that she considered the grievance resolved.  (*Id.*)

4    According to Plaintiff, the response was addressed to a "Mr. Rivera," and had been "cut

5    and pasted" from a response to Rivera.  Plaintiff maintains that Randall cut and pasted her

6    response to his grievance from responses to other prisoners without actually reviewing his

7    medical records.[3]

8          "Most recently," Igwe informed Plaintiff that he was not a candidate for treatment.

9    Plaintiff asked her to "advocate for [him]" and submit a request for treatment, but she

10   refused.  (*Id.* at 6 ¶ 11.)  Both Igwe and Starling told Plaintiff that he had to be close to

11   liver failure or death before they would consider advocating for and treating him.  (*Id.* at

12   13 ¶ 2.)  Igwe has told Plaintiff that under Corizon and Centurion's policies, he could not

13   receive treatment, enhanced testing such as a baseline workup, or a liver biopsy.  (*Id.* at 13

14   ¶ 1.)  According to Plaintiff, Starling told him that his Hep C labs reflect abnormally high

15   levels of liver enzymes reflecting his worsening Hep C status and liver damage.  (*Id.* at 13

16   ¶ 4.)

17         Plaintiff generally claims that Igwe, Randall, and Perkins failed to timely intervene

18   and treat his Hep C despite his complaints of liver and abdominal pain, joint pain, kidney

19   issues, and fatigue for more than ten years, which have adversely affected him.  (*Id.* at 7

20   ¶ 13.)  He generally alleges that ADC, Ryan, Profiri, and Shinn had a non-delegable duty

21   to provide adequate medical care under Arizona Revised Statutes section 31-201.01, that

22   they breached that duty as to him, and failed to revise guidelines to remove current

23   exclusions from treatment that jeopardize Plaintiff's life.  (*Id.* at 7 ¶¶ 12, 17 & 14 ¶ 8.)  He

24   contends that Ryan, Profiri, and Shinn personally approved the policies and guidelines for

25   Hep C treatment, making them personally liable.  (*Id.* at 14 ¶ 9.)  Plaintiff also asserts that

26   ADC, Ryan, and Profiri violated their own policy requiring provision to the Health Services

27

28         [3] Given the number of prisoners who have Hep C, a more plausible explanation may be that medical staff provide analogous responses to similar types of grievances relating to a prisoner's Hep C.

TERMPSREF

1    Contractor of "the resources to provide constitutionally mandated health care and

2    appropriate referrals for inmates who appear for treatment." (*Id.* at 7-8 ¶ 16.)  Plaintiff

3    asserts that "Defendants" have violated his Eighth Amendment rights to medical care.  (*Id.*

4    at 7 ¶ 15.)  He also claims they have failed to promulgate effective policies and procedures

5    to ensure "adequate" health care.  (*Id.* at 8 ¶ 18.)  Plaintiff further claims that "Defendants"

6    have a pattern and practice of failing to provide timely and medically appropriate care to

7    prisoners, including Plaintiff.  (*Id.* at 8 ¶ 19.)  He contends that, as contractors with the

8    State of Arizona and ADC, Profiri, and/or Ryan, Corizon and Centurion "may be liable"

9    for some or all damages, including punitive damages, to him.  (*Id.* at 8-9 ¶ 20.)  Plaintiff

10   asserts there is no dispute that Igwe, Perkins, and Randall were aware of his serious medical

11   needs via the results of blood tests.  He further contends that Centurion hired Igwe, Perkins,

12   and Randall knowing they would be deliberately indifferent to prisoner care by delaying

13   or denying medical care for serious medical needs to save Centurion money, as did Corizon

14   prior to Centurion.  (*Id.* at 9 ¶ 24.)  Plaintiff claims that "Defendants" rely on inaccurate and

15   arbitrary methods to determine who warrants care, such as tests with up to 50% false

16   negatives.  (*Id.* at 10-11 ¶¶ 25, 28.)  Plaintiff claims that some correctional departments or

17   courts have ordered the provision of Hep C care regardless of the disease stage.  Plaintiff

18   suffers from extreme pain and constipation but "Defendants keep denying requested

19   specialty imaging and referrals." (*Id.* at 14 ¶ 11.)

20   **III.    Failure to State a Claim**

21        To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants

22   (2) under color of state law (3) deprived him of federal rights, privileges or immunities and

23   (4) caused him damage.  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir.

24   2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278,

25   1284 (9th Cir. 1994)).  In addition, a plaintiff must allege that he suffered a specific injury

26   as a result of the conduct of a particular defendant and he must allege an affirmative link

27   between the injury and the conduct of that defendant.  *Rizzo v. Goode*, 423 U.S. 362, 371-

28   72, 377 (1976).

1       Not every claim by a prisoner relating to inadequate medical treatment states a

2   violation of the Eighth Amendment.  To state a § 1983 medical claim, a plaintiff must show

3   (1) a "serious medical need" by demonstrating that failure to treat the condition could result

4   in further significant injury or the unnecessary and wanton infliction of pain and (2) the

5   defendant's response was deliberately indifferent.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th

6   Cir. 2006).

7       "Deliberate indifference is a high legal standard."  *Toguchi v. Chung*, 391 F.3d

8   1051, 1060 (9th Cir. 2004).  To act with deliberate indifference, a prison official must both

9   know of and disregard an excessive risk to inmate health; "the official must both be aware

10  of facts from which the inference could be drawn that a substantial risk of serious harm

11  exists, and he must also draw the inference."  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

12  Deliberate indifference in the medical context may be shown by a purposeful act or failure

13  to respond to a prisoner's pain or possible medical need and harm caused by the

14  indifference.  *Jett*, 439 F.3d at 1096.  Deliberate indifference may also be shown when a

15  prison official intentionally denies, delays, or interferes with medical treatment or by the

16  way prison doctors respond to the prisoner's medical needs.  *Estelle v. Gamble*, 429 U.S.

17  97, 104-05 (1976); *Jett*, 439 F.3d at 1096.

18      Deliberate indifference is a higher standard than negligence or lack of ordinary due

19  care for the prisoner's safety.  *Farmer*, 511 U.S. at 835.  "Neither negligence nor gross

20  negligence will constitute deliberate indifference."  *Clement v. Cal. Dep't of Corr.*, 220 F.

21  Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*, 622 F.2d 458,

22  460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice"

23  do not support a claim under § 1983).  "A difference of opinion does not amount to

24  deliberate indifference to [a plaintiff's] serious medical needs."  *Sanchez v. Vild*, 891 F.2d

25  240, 242 (9th Cir. 1989).  A mere delay in medical care, without more, is insufficient to

26  state a claim against prison officials for deliberate indifference.  *See Shapley v. Nevada Bd.*

27  *of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).  The indifference must be

28  substantial.  The action must rise to a level of "unnecessary and wanton infliction of pain."

TERMPSREF

1    *Estelle*, 429 U.S. at 105.

2    Plaintiff fails to allege facts to support that Ryan, Profiri, or Shinn are liable in their

3    individual capacities.   Plaintiff's assertion that executing a contract with Corizon or

4    Centurion is sufficient to support personal involvement in alleged denial of constitutionally

5    adequate medical care to Plaintiff is too attenuated to state a claim.   Inasmuch as neither

6    Ryan, nor Profiri are currently the ADC director, Plaintiff also fails to state a claim against

7    either of them in their official capacities.

8    Plaintiff also fails to sufficiently allege facts to state a claim against Defendant

9    Perkins in his individual capacity.  Plaintiff merely makes vague and conclusory allegations

10   against Perkins.  Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404

11   U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of

12   action.  *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

13   Further, a liberal interpretation of a civil rights complaint may not supply essential

14   elements of the claim that were not initially pleaded.  *Id.*

15   Finally, Plaintiff's allegation that Randall denied his grievance regarding medical

16   care is insufficient to state a claim.  Under Ninth Circuit law, a defendant can be liable for

17   failure to act.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Generally, whether a

18   defendant's denial of administrative grievances is sufficient to state a claim depends on

19   several facts, including whether the alleged constitutional violation was ongoing, *see e.g.*,

20   *Flanory v. Bonn*, 604 F.3d 249, 256 (6th Cir. 2010), and whether the defendant who

21   responded to the grievance had authority to take action to remedy the alleged violation, *see*

22   *Bonner v. Outlaw*, 552 F.3d 673, 679 (8th Cir. 2009).  Plaintiff does not allege facts to

23   support that Randall had the authority to require medical staff to provide different medical

24   care, particularly medical care allegedly subject to policies of the medical contractor.

25   Accordingly, the Court will dismiss Count I as to Perkins.

26   **IV.    Claim for Which an Answer Will be Required**

27   Plaintiff has sufficiently alleged that he has serious medical needs, which are and

28   have been causing him extreme pain.   He sufficiently alleges facts to support that

1   Defendants Igwe and Starling acted with deliberate indifference to Plaintiff's repeated

2   claims of extreme pain in conjunction with elevated pancreatic levels, partial organ

3   removal, and other symptoms.  Plaintiff also sufficiently alleges that he has been denied

4   treatment by Corizon and Centurion pursuant to a policy, custom, or practice to deny

5   medically appropriate treatment and diagnostic testing to reduce costs to each of them

6   respectively.   These Defendants will be required to respond to the First Amended

7   Complaint.   In addition, Plaintiff sufficiently alleges that he has been denied

8   constitutionally adequate medical care pursuant to an ADC policy, practice, or custom and

9   Defendant Shinn will be required to respond to Count I in his official capacity.

10   **V.    Warnings**

11         **A.    Address Changes**

12         Plaintiff must file and serve a notice of a change of address in accordance with Rule

13   83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other

14   relief with a notice of change of address.  Failure to comply may result in dismissal of this

15   action.

16         **B.    Copies**

17         Plaintiff must serve Defendants, or counsel if an appearance has been entered, a

18   copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a

19   certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff

20   must submit an additional copy of every filing for use by the Court.  *See* LRCiv 5.4.  Failure

21   to comply may result in the filing being stricken without further notice to Plaintiff.

22         **C.    Possible Dismissal**

23         If Plaintiff fails to timely comply with every provision of this Order, including these

24   warnings, the Court may dismiss this action without further notice.  *See Ferdik v. Bonzelet*,

25   963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure

26   to comply with any order of the Court).

27   **IT IS ORDERED:**

28         (1)    Defendants Profiri, Ryan, Perkins, and Randall are **dismissed** without

1    prejudice.

2            (2)     Defendants Igwe and Starling in their individual capacities, Shinn in his

3    official capacity, and Corizon and Centurion must answer Count I.

4            (3)     The Clerk of Court must send Plaintiff a service packet including the First

5    Amended Complaint (Doc. 7), this Order, and both summons and request for waiver forms

6    for Defendants Igwe, Starling, Shinn, Corizon, and Centurion.

7            (4)     Plaintiff must complete[4] and return the service packet to the Clerk of Court

8    within 21 days of the date of filing of this Order.  The United States Marshal will not

9    provide service of process if Plaintiff fails to comply with this Order.

10           (5)     If Plaintiff does not either obtain a waiver of service of the summons or

11   complete service of the Summons and First Amended Complaint on a Defendant within 90

12   days of the filing of the Complaint or within 60 days of the filing of this Order, whichever

13   is later, the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m);

14   LRCiv 16.2(b)(2)(B)(ii).

15           (6)     The United States Marshal must retain the Summons, a copy of the First

16   Amended Complaint, and a copy of this Order for future use.

17           (7)     The United States Marshal must notify Defendants of the commencement of

18   this action and request waiver of service of the summons pursuant to Rule 4(d) of the

19   Federal Rules of Civil Procedure.  The notice to Defendants must include a copy of this

20   Order.

21           (8)     A Defendant who agrees to waive service of the Summons and First

22   Amended Complaint must return the signed waiver forms to the United States Marshal, not

23   the Plaintiff, **within 30 days of the date of the notice and request for waiver of service**

24   pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of

25   personal service.

26

27           [4] If a Defendant is an officer or employee of the Arizona Department of Corrections,
28   Plaintiff must list the address of the specific institution where the officer or employee
     works.  Service cannot be effected on an officer or employee at the Central Office of the
     Arizona Department of Corrections unless the officer or employee works there.

1     (9)    The Marshal must immediately file signed waivers of service of the

2  summons.  If a waiver of service of summons is returned as undeliverable or is not returned

3  by a Defendant within 30 days from the date the request for waiver was sent by the Marshal,

4  the Marshal must:

5        (a)    personally serve copies of the Summons, First Amended Complaint,

6        and this Order upon Defendant pursuant to Rule 4(e)(2) and Rule 4(h)(1) of the

7        Federal Rules of Civil Procedure; and

8        (b)    within 10 days after personal service is effected, file the return of

9        service for Defendant, along with evidence of the attempt to secure a waiver of

10        service of the summons and of the costs subsequently incurred in effecting service

11        upon Defendant.  The costs of service must be enumerated on the return of service

12        form (USM-285) and must include the costs incurred by the Marshal for

13        photocopying additional copies of the Summons, First Amended Complaint, or this

14        Order and for preparing new process receipt and return forms (USM-285), if

15        required.  Costs of service will be taxed against the personally served Defendant

16        pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise

17        ordered by the Court.

18     (10)    Defendants must answer the First Amended Complaint or otherwise respond

19  by appropriate motion within the time provided by the applicable provisions of Rule 12(a)

20  of the Federal Rules of Civil Procedure.

21     (11)    Any answer or response must state the specific Defendant by name on whose

22  behalf it is filed.  The Court may strike any answer, response, or other motion or paper that

23  does not identify the specific Defendant by name on whose behalf it is filed.

24  . . . .

25  . . . .

26  . . . .

27  . . . .

28  . . . .

**TERMPSREF**

1        (12)    This matter is referred to Magistrate Judge Eileen S. Willett pursuant to Rules

2    72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as

3    authorized under 28 U.S.C. § 636(b)(1).

4        Dated this 13th day of May, 2020.

*Michael T. Liburdi*

Michael T. Liburdi
United States District Judge