**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roy Bigelow, | No. CV-19-05496-PHX-MTL (ESW) |
| Plaintiff, | **ORDER** |
| v. | |
| Dorothy Igwe, et al., | |
| Defendants. | |

     Plaintiff, who is confined in the Arizona State Prison Complex, East Unit, in Florence, Arizona, filed a pro se civil rights First Amended Complaint pursuant to 42 U.S.C. § 1983, alleging constitutionally inadequate medical care (Doc. 7). The Court screened Plaintiff's First Amended Complaint pursuant to 28 U.S.C. § 1915A(a) and ordered Defendants Igwe, Starling, Shinn, Corizon and Centurion to answer (Doc. 8 at 10). All Defendants have answered, and all issues are joined (Docs. 65, 56, 23-25). A Scheduling Order was issued (Doc. 20).

     Plaintiff filed a Motion to Compel (Doc. 94) which the Court granted in part and denied in part (Doc. 103). On April 26, 2021, Plaintiff filed an Objection to the Magistrate Judge's Order (Doc. 107), which is pending before the District Judge. Dispositive motions were filed on July 7, 2021 (Docs. 120, 121). A *Rand* warning issued as to each dispositive motion (Docs. 123, 124), instructing Plaintiff to file his responses no later than August 9, 2021. No responses have been filed to date.

On July 19, 2021, Plaintiff instead filed a "Notice to the Court/Request for Stay" (Doc. 125). Plaintiff simply states: "I have objected to Magistrate Judges order denying my Motion to compel. I ask this Court to stay the proceedings pending resolution of that motion." Defendants have responded in opposition to Plaintiff's request for a stay (Docs. 126, 127).

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Stone v. Trump*, 402 F. Supp. 3d 153, 160 (D. Md. 2019) (citing *Donnelly v. Branch Banking & Trust Co.*, 971 F. Supp. 2d 495, 501 (D. Md. 2013)). Federal Rule of Civil Procedure 72 provides that, "[t]he district judge in the case must consider timely objections [to a nondispositive order issued by a magistrate judge] and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Rule 72, however, does not provide for a stay of the Magistrate Judge's order while a party's objections are pending. The Court does not find good cause to stay the proceedings.

**IT IS ORDERED** denying Plaintiff's "Notice to the Court/Request for Stay" (Doc. 125).

**IT IS FURTHER ORDERED** extending the deadline for Plaintiff to file his Responses to Defendants' Motions for Summary Judgment (Docs. 120, 121) to **September 27, 2021**.

Dated this 27th day of August, 2021.

Honorable Eileen S. Willett
United States Magistrate Judge